IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC FORD, | ) CASE NO. 5:13 CV 571 |
| Petitioner, | ) JUDGE BENITA Y. PEARSON |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| WARDEN TURNER, | ) |
| Respondent. | ) **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Eric Ford for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Ford is currently incarcerated at the North Central Correctional Complex in Marion, Ohio.[3] Ford is serving an aggregate sentence of two and a half years with three years post-release control imposed by the Summit County Court of Common Pleas pursuant to a plea agreement on charges of possession of heroin and possession of criminal tools.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document order entered July 17, 2013.

[2] ECF # 1.

[3] ECF # 1 at 1. Ford has served the entirety of the state sentence he is challenging, but remains in custody pursuant to an unrelated state criminal conviction. ECF # 8 at 1. He was in custody for the underlying offense at the time the petition was filed. ECF # 8 at 1.

[4] ECF # 8-1 (state court record), at 12.

Ford asserts one ground for habeas relief.[5] The State has filed a return of the writ arguing that the petition should be denied because the state court's ruling was neither clearly contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.[6] Ford has filed a traverse.[7]

For the reasons that follow, I will recommend Ford's petition be denied as the state court's ruling was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

## Facts

**A.  Background facts, guilty plea, and sentence**

The underlying facts were found by the Ohio appeals court[8] in its review of the plea negotiations and sentencing.

In 2010, Ford was indicted by the Summit County Grand Jury on charges of possession of heroin, possession of drug paraphernalia, trafficking in heroin, and possessing criminal tools.[9] Ford initially pled not guilty and then entered into a plea agreement where

---

[5] ECF # 1 at 5. Ford filed a supplement to Memorandum in Support of petition. ECF # 3. In addition, he filed a supplement to the memorandum in support. ECF # 4.

[6] ECF # 8 at 2.

[7] ECF # 9.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF # 8-1, at 88. Forfeiture specifications were also included. *Id.*

he would plead guilty to the possession of heroin and possessing criminal tools.[10] Ford contended, "at the time of sentencing, he was subject to federal supervised release."[11] In his argument to the court of appeals Ford contended that "in exchange for his guilty pleas, the State agreed to recommend to the trial court that he be sentenced to a total term of 2 ½ years of incarceration to run concurrent with his 'federal sentence,' which he expected to receive for violating the terms of his federal supervised release."[12] The trial court then sentenced Ford accordingly and ordered his sentence to be served concurrently to his federal sentence.[13]

While serving his sentence, Ford filed with the trial court a "motion to withdraw his guilty plea or to enforce the plea agreement, arguing in part that he was still in state custody; so his state sentence was not running concurrent with his federal sentence."[14] With regard to the motion to withdraw, the appellate court found that Ford contended to the trial court that he has served "approximately two months worth a [sic] dead time – and counting" because it was explained to him that a federal sentence does not start until you are in federal custody.[15] In addition, he contended that his understanding of the plea agreement was not

---

[10] *Id.* The forfeiture specification was also included. *Id.*

[11] *Id.*

[12] *Id.*, at 89.

[13] *Id.*

[14] *Id.*

[15] *Id.*

reflected in the sentencing order.[16] Ford filed an amendment to his motion to withdraw with the trial court, which "included a copy of a purported federal court order providing that his federal sentence be served consecutively, and not concurrently, with his state sentence."[17] To the trial court Ford argued the terms of the plea agreement could not be fulfilled.[18]

In addition to the factual history of the case laid out by the appellate court, the court of appeals discussed that no transcript was provided to either the trial court or court of appeals to substantiate the plea agreement.[19] Ford only provided the court of appeals with the written plea of guilty.[20] The court of appeals stated that:

> A trial court assures that a plea is knowingly, voluntarily and intelligently entered during the plea colloquy as required by Crim.R. 11. . . Here, as we have no transcript of the colloquy, we must presume that Mr. Ford entered his guilty pleas knowingly, voluntarily and intelligently and that no promise was made to Mr. Ford in regard to whether the federal authorities would acquiesce to concurrent terms.[21]

Further, the court of appeals stated that even if Ford believed a state court could bind a federal court to a plea agreement or use a procedure to get around federal custody issues, "such mistaken beliefs are insufficient to allow withdrawal of his plea."[22] The court of

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*, at 91.

[20] *Id.*

[21] *Id.*, at 92 (internal and external citations omitted).

[22] *Id.* (citations omitted).

appeals held Ford "did not meet his burden of demonstrating that manifest injustice has occurred" and the trial court did not abuse its discretion in denying the withdrawal.[23]

**B.     Motion to withdraw guilty plea**

Ford did not seek a direct appeal of his conviction or sentence. Instead, as noted above Ford, *pro se*, filed a motion to withdraw guilty plea, or to have the plea agreement fulfilled.[24] Again as noted, the trial court denied the motion to withdraw the guilty plea on November 16, 2011.[25]

On January 12, 2012, Ford, *pro se*, untimely[26] filed a notice of appeal with the Ninth District Court of Appeals, appealing the trial court's denial of his motion to withdraw guilty plea.[27] The State filed a motion to dismiss,[28] and Ford filed an opposition,[29] which the appellate court treated as a request for leave to file a delayed appeal and then granted.[30]

Ford raised the following assignments of error:

---

[23] *Id.*, at 93.

[24] *Id.*, at 14.

[25] *Id.*, at 25.

[26] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[27] ECF # 8-1, at 26.

[28] *Id.*, at 28.

[29] *Id.*, at 30-31.

[30] *Id.*, at 37.

    1.      The state or trial court breached appellant's plea agreement.[31]

    2.      Appellant's guilty plea was involuntarily rendered, it was induced by an unfulfilled or unfulfillable promise.[32]

The Ohio appeals court on September 5, 2012, overruled Ford's assignments of error and affirmed the trial court's denial to withdraw Ford's guilty plea.[33] Ford then filed a motion for reconsideration,[34] which the appellate court denied on October 30, 2012.[35]

On November 16, 2012, Ford, *pro se*, filed a timely[36] notice of appeal with the Supreme Court of Ohio from both the September 5, 2012, and October 30, 2012, appellate court rulings.[37] In Ford's memorandum in support of jurisdiction, he asserts the following proposition of law:

---

[31] *Id.,* at 42.

[32] *Id.*

[33] *Id.*, at 88-94.

[34] *Id.*, at 95-102.

[35] *Id.,* at 103.

[36] Under S.Ct.Prac.R. 7.01(A)(1), to be timely, a party must file within 45 days of the judgment being appealed. The time for filing an appeal is tolled if a timely application for reconsideration is filed. S.Ct.Prac.R. 7.01(A)(5)(a). Further, S.Ct.Prac.R. 7.01(A)(5)(b) states "the appellant shall file a notice of appeal within forty-five days of the court of appeals' decision denying the application for reconsideration...." Here, the filing is timely because Ford filed within 45 days of the October 30, 2012, entry denying the motion for reconsideration.

[37] ECF # 8-1, at 104-06. Ford sought appeal from both the September 5, 2012, ruling, which affirmed the denial of the motion to withdraw, and the October 30, 2012, ruling, which denied reconsideration. *Id.*

      1.      Plea bargains are contractual in nature and subject to contract-law standards, *State v. Dye* (Supreme Court of Ohio), 127 Ohio St.3d 357.[38]

On February 20, 2013, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to Supreme Court Practice Rule 7.08(B)(4).[39] The record does not indicate Ford sought a writ of certiorari from the Supreme Court of the United States.

## C.    Federal habeas petition

Ford, *pro se*, timely[40] filed the present petition for federal habeas relief on March 5, 2013,[41] raising the following ground for relief:

> GROUND ONE: BREACHED PLEA AGREEMENT
>
> Supporting facts: Petitioner's guilty plea was induced by a promise that his State Sentence would be served concurrent to his Federal Sentence. However, despite the promise, Petitioner's sentences are being served consecutively . . . Filed April 27th, 2011 in Summit County Court of Common Pleas, "WRITTEN PLEA OF GUILTY", pg.#3, section PLEA NEGOTIATIONS/AGREEMENT substantiates the terms of the plea agreement in its entirety . . . The State do [sic] not dispute the terms of the plea agreement.[42]

As noted, the State filed a return of the writ arguing that the petition should be denied because the state court's ruling was neither contrary to nor an unreasonable application of

---

[38] ECF # 8-1, at 108.

[39] *Id.*, at 126.

[40] The conviction became final 90 days after February 20, 2013, and from that date Ford had one year to file his federal habeas petition. Since he filed within a month the petition is obviously timely.

[41] This is the date Ford placed the petition into the prison mail system. ECF # 1 at 15. The petition was docketed at this court on March 15, 2013.

[42] ECF # 1 at 5.

-7-

clearly established federal law as determined by the Supreme Court of the United States.[43] The State makes two distinct arguments: no breach of plea agreement by state,[44] and no unconstitutional inducement in violation of due process rights.[45] The State's second argument uses the transcript, which was unavailable to the court of appeals.

I am going to consider the breach of plea agreement argument first because that is the only argument before me,[46] but in order to be complete in my review I will address the second argument as well.

The State argues that the state court did not breach the plea agreement because of dual sovereignty.[47] The State asserts that sentencing Ford to a consecutive sentence does not equate to a breach of the plea agreement by the state.[48] The State notes the only promise the state court could make was fulfilled when the state court ordered the sentence to be served

---

[43] ECF # 8 at 2 (referencing 28 U.S.C. § 2254(d)).

[44] ECF # 8 at 10.

[45] *Id.* at 12.

[46] The argument that the guilty plea was involuntarily induced by an unfulfillable promise was procedurally defaulted because Ford failed to raise this issue in the Supreme Court of Ohio. Further, Ford's sole ground in this petition does not include a claim of unconstitutional inducement calling into question the validity of the plea. ECF # 1 at 5.

[47] ECF # 8 at 10-12.

[48] *Id.* at 11-12.

concurrently with the federal sentence.[49] The State cites *United States v. Wheeler*[50] as the clearly established federal law, stating "[u]nder the principle of dual sovereignty, a defendant may be prosecuted and sentenced by state and federal governments if his conduct violates the laws of each sovereign."[51]

In support of its argument that the State's holding is not an unreasonable application of *Wheeler*, the State cites *Hendrix v. Norris*.[52] Thus, the State notes this case is the same as *Hendrix*, where a federal court's refusal to honor a state court's order of a concurrent sentence does not result in a breach by the state court.[53] In sum, the State observes that the state court did comply with the plea agreement because the state ordered Ford's sentence to run concurrent with the federal sentence.[54]

In addition, the second argument the State asserts[55] is that based on the transcript there is no inducement and Ford knowingly, voluntarily, and intelligently signed the plea

---

[49] *Id.*

[50] *United States v. Wheeler*, 435 U.S. 313 (1978) (superseded by statute on other grounds as stated in *United States v. Lara*, 541 U.S. 193 (2004)) (citing *Bartkus v. Illinois*, 359 U.S. 121 (1959); *Abbate v. United States*, 359 U.S. 187 (1959)).

[51] ECF # 8 at 11 (citing *Wheeler*, 435 U.S. at 316-18 (citations omitted)).

[52] ECF # 8 at 11; *Hendrix v. Norris*, 81 F.3d 805 (8th Cir. 1996). *See also*, *United States v. Ballard*, 6 F.3d 1502 (11th Cir. 1993).

[53] ECF # 8 at 11-12 (citing *Hendrix*, 81 F.3d at 807).

[54] *Id.*

[55] This argument was not fully exhausted, so it is not before this Court.

agreement.[56] The State cites *Brady v. United States*,[57] stating a guilty plea must stand if someone is fully aware of the consequences unless "induced by ... misrepresentation (including unfulfilled or unfulfillable promises)...."[58]

The State argues Ford voluntarily entered the plea bargain because he was not misled or guaranteed by the state court that the federal court could be bound by the state court.[59] The State contends the only cases where plea agreements were held to be involuntarily induced by an unfulfillable promise involved claims of ineffective assistance of counsel where the defendant was unaware of the dual sovereignty issues.[60] Thus, Ford voluntarily entered the plea agreement since he was fully made aware that the state court could not bind the federal court. In support of its claim, the State cites *Montoya v. Johnson*.[61] Thus, the State argues this case is the same as *Montoya* where there was no unconstitutional inducement when the defendant was made fully aware that a state court had no authority to bind a federal court.[62]

---

[56] ECF # 8 at 12.

[57] *Id.* at 13; *Brady v. United States*, 397 U.S. 742 (1970).

[58] *Brady*, 397 U.S. at 755 (citations omitted).

[59] ECF # 8 at 13. The State replicates parts of the transcript from the plea and sentencing. *Id.* at 14-16.

[60] *Id.* at 9-10, 13 (referencing *Finch v. Vaughn*, 67 F.3d 909 (11th Cir. 1995); *Brown v. Kentucky Parole Board*, 490 F. App'x 693 (6th Cir. 2012)).

[61] *Id.* at 13 (citing *Montoya v. Johnson*, 226 F.3d 399 (5th Cir. 2000)).

[62] ECF # 8 at 13, 17 (citing *Montoya*, 226 F.3d at 406-407).

As noted, Ford filed a traverse.[63] In his traverse, Ford does not dispute that he was repeatedly informed of the obstacles of dual sovereignty,[64] but he believed the state court "could and would circumvent the Federal Courts' authority."[65] Thus, he believed the trial court's numerous statements about its lack of authority over the federal court "to be meaningless."[66] In sum, Ford claims that the federal court promised to circumvent the federal court's authority and the state court did not comply with the plea agreement.[67]

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Ford is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[68]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[69]

---

[63] ECF # 9.

[64] *Id.* at 3, 5.

[65] *Id.* at 3.

[66] *Id.* at 5.

[67] ECF # 9.

[68] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[69] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

3.     In addition, Ford states,[70] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[71]

4.     Moreover, it appears that the claim of breach of plea agreement has been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[72]

5.     Finally, Ford has not requested the appointment of counsel,[73] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[74]

**B.**     **Standards of review**

In order to seek a writ of federal habeas relief, Ford must fully exhaust all his claims by fairly presenting them to all appropriate state courts, including the highest state court.[75] Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[76] Ford has fairly presented his sole

---

[70] *See*, ECF # 1 at 12.

[71] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

[72] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[73] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[74] 28 U.S.C. § 2254(e)(2).

[75] 28 U.S.C. § 2254(b), (c).

[76] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

ground of breach of the plea agreement; however, Ford failed to properly present the claim of inducement to both the Ohio Supreme Court and this Court in his petition. Therefore, the breach of the plea agreement is the only claim before me.

A writ of habeas corpus shall only be granted if adjudication of the claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[77] In order to be "contrary to" the case must be decided differently than a Supreme Court case on a set of facts that are materially indistinguishable.[78] An unreasonable application of federal law must be "objectively unreasonable," not just incorrect or erroneous.[79]

Here, the clearly established federal law, as determined by the Supreme Court, is stated in *Wheeler*. The United States Supreme Court stated the basic structure of our federal system is that "States and the National Government are separate political communities."[80] A person can be prosecuted by both the federal and state government for the same act.[81] Thus, "[e]ach has the power, inherent in any sovereign, independently to determine what shall be

---

[77] 28 U.S.C. § 2254(d)(1).

[78] *Bell v. Cone*, 543 U.S. 447, 452-53 (2005) (citations omitted).

[79] *Williams v. Taylor*, 529 U.S. 362, 409-11 (2000); *see*, *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011).

[80] *Wheeler*, 435 U.S. at 320.

[81] *Id.* at 316-17 (citing *Bartkus*, 359 U.S. 121; *Abbate*, 359 U.S. 187).

-13-

an offense against its authority and to punish such offenses, and in doing so each 'is exercising its own sovereignty, not that of the other.'"[82]

### C. Application of standard – the petition should be denied.

For federal habeas purposes the question here is whether the state court unreasonably applied the clearly established federal law determined in *Wheeler*.[83] The interpretations of *Wheeler* as discussed by federal circuit courts support the claim that *Wheeler* was reasonably applied by the state courts in this case.

Numerous federal circuit courts have interpreted dual sovereignty to mean that a state plea agreement does not bind the federal government.[84] In *Hendrix*, the court ruled the state had honored the plea bargain when the state ordered the sentence to be served concurrent to the federal sentence.[85] In addition, the state court is not "responsible for the federal court's imposition of a consecutive sentence: the discretion of a federal sentencing court cannot be limited by a state court's judgment."[86] Further, the state does not commit a "breach of the

---

[82] *Id.* at 320 (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922)).

[83] The state court does not have to refer to or demonstrate knowledge of the clearly established federal law, the reasoning just has to be consistent with the Supreme Court rulings. *Slagle v. Bagley*, 457 F.3d 501, 513-14 (6th Cir. 2006).

[84] *See*, *Montoya*, 226 F.3d 399; *Hendrix,* 81 F.3d 805; *Ballard*, 6 F.3d 1502; *Pinaud v. James*, 851 F.2d 27 (2d Cir. 1988).

[85] *Hendrix*, 81 F.3d at 807.

[86] *Id.*

plea agreement, because a state is not responsible for what might occur in federal criminal proceedings."[87]

Here, as previously noted the court of appeals found that no manifest injustice occurred.[88] The court of appeals presumed that "no promise was made to Mr. Ford in regard to whether the federal authorities would acquiesce to concurrent terms."[89] In addition, the court notes Ford was aware of the possibility of the federal court disregarding the plea.[90] The court noted that no matter what Ford believed:

> [S]uch mistaken beliefs are insufficient to allow withdrawal of his plea . . . Further, nowhere in the record before us does the State or the trial court make representations regarding the effect that the plea would have on the federal court's ability or likelihood of sanctioning Mr. Ford in contravention to the State and Mr. Ford's agreement.[91]

Just like in *Hendrix*, the trial court ordered Ford's sentence to be served concurrently to his federal sentence.[92] The court of appeals ruling was not an unreasonable application of clearly established federal law, as determined by *Wheeler*. Accordingly, for the above reasons, Ford's petition for a writ of habeas corpus should be denied.

---

[87] *Montoya*, 226 F.3d at 405.

[88] ECF # 8-1, at 93.

[89] *Id.*, at 92.

[90] *Id.*

[91] *Id.*, at 92-93 (internal citations omitted).

[92] *Id.*, at 89.

-15-

But even if we could look at the claim that the plea agreement was involuntarily entered into, it would not be enough for relief. As previously noted, even without the transcript before them, the court of appeals presumed Ford "entered his guilty pleas knowingly, voluntarily and intelligently. . ."[93] With the transcript the State's argument is even stronger. It is hard to see how this issue would be a valid basis for claiming the agreement was involuntary.

## Conclusion

For the foregoing reasons, I recommend that the petition of Ford for a writ of habeas corpus be denied.

Dated: September 29, 2014           s/ William H. Baughman, Jr.
                                    United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[94]

---

[93] *Id.*, at 92.

[94] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).