PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC FORD, | ) | |
| | ) | CASE NO. 5:13CV00571 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NEIL TURNER, *Warden*, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | [Resolving ECF No. 11] |

Before the Court is Petitioner Eric Ford's petition, *pro se*, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. United States Magistrate Judge William H. Baughman, Jr. prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended that the habeas petition be denied. ECF No. 10. Petitioner timely filed objections to the report and its recommendations. ECF No. 11. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided, the Court overrules Petitioner's objections, adopts the report and recommendations, and denies the habeas petition.

## I. Factual and Procedural History

**A. State Conviction**

In November 2010, Petitioner was indicted by a Summit County Grand Jury on charges of possession of heroin, possession of drug paraphernalia, trafficking in heroin, and possession of criminal tools. ECF No. 8-1, Ex. 1 at 4-6. Petitioner changed his plea from not guilty (ECF No. 8-1, Ex. 2 at 7) to guilty, pleading to one count of possession of heroin with a forfeiture

(5:13CV00571)

specification and one count of possession of criminal tools. ECF No. 8-1, Ex. 3 at 8. In April 2011, the state trial court judge sentenced Petitioner to 2 years and 6 months of imprisonment. ECF No. 8-1, Ex. 4 at 12. The judge ordered that "the sentence imposed in this case be served CONCURRENTLY and not consecutively with the Defendant's federal sentence." ECF No. 8-1, Ex. 4 at 13 (emphasis in the original).[1]

### B. Motion to Withdraw Guilty Plea

In June 2011, while incarcerated in state prison, Petitioner, proceeding *pro se*, filed a motion to withdraw his plea agreement or to have his plea agreement fulfilled. ECF No. 8-1, Ex. 5 at 14-17. Because he was still in state custody, he argued, his state sentence was not running concurrently with his federal sentence as required under the plea agreement. ECF No. 8-1, Ex. 5 at 14-17. He argued that the two months he had spent in state custody until that point were "dead time-and counting." ECF No. 8-1, Ex. 5 at 15. The State opposed Petitioner's motion, arguing that [n]either the Court nor the State has the ability to control or compel a federal prosecution." ECF No. 8-1, Ex. 6 at 18.[2] Petitioner then amended his motion to, *inter alia*, put the state court on notice that in October 2011, a federal court ordered that a sentence of 14 months be served

---

[1] Petitioner's written guilty plea contains a statement that details the crimes to which Petitioner pled guilty, along with the statement "run c/c to federal time." ECF No. 8-1, Ex. 3 at 10. The Court takes "c/c" to mean "concurrent, the definition offered by Petitioner and the State.

[2] Petitioner argues that the state court never reached the issue of dual sovereignty, but in this citation from the State's opposition to Petitioner's motion to withdraw, the State articulated the principle of dual sovereignty before the trial court, and the court denied Petitioner's Motion.

2

(5:13CV00571)

consecutive to defendant's state sentence." ECF No. 8-1, Ex. 7. at 23. The state trial court denied Petitioner's motion. ECF No. 8-1, Ex. 8 at 25.

### C. Appeal of Denial of Motion to Withdraw Guilty Plea

Petitioner, proceeding *pro se*, appealed the state trial court's denial to the Ninth District Court of Appeals. The State filed a motion to dismiss Petitioner's appeal as untimely (ECF No. 8-1, Ex. 10 at 28) and Ford filed an opposition. ECF No. 8-1, Ex. 11 at 30-31. The appellate court denied the State's motion to dismiss and treated Petitioner's appeal as a request for leave to file a delayed appeal, which was granted. ECF No. 8-1 at Ex. 12 at 37. Petitioner raised the following assignments of error:

1. The State or trial court breached appellant's plea agreement.

2. Appellant's guilty plea was involuntarily rendered, it was induced by an unfulfilled or unfulfillable promise. ECF No. 8-1, Ex. 13 at 39.

In his brief, Petitioner argued that in exchange for his guilty plea, the State agreed to recommend that he be sentenced to a 2 ½ year term, to run concurrent with his federal sentence which Petitioner expected to receive for violating the terms of his federal supervised release. ECF No. 8-1, Ex. 13 at 89. He contended that the sentencing order did not reflect his understanding of the plea agreement, ultimately arguing that his plea was "involuntarily induced by an unfulfilled or unfulfillable promise" that his sentences would run concurrently, not consecutively as stated in the federal court order. ECF No. 8-1, Ex. 13 at 49. The State filed an opposition to Appellant's brief (ECF No. 8-1, Ex. 14), to which Defendant filed a reply. ECF No. 8-1, Ex. 15.

3

(5:13CV00571)

The appellate court denied Petitioner's appeal and affirmed the judgment of the trial court.  ECF No. 8-1, Ex. 16 at 93.  The appellate court stated that Petitioner filed no transcript of the plea agreement hearing with the trial court or with the appellate court, providing only a printed document of the alleged terms of the plea agreement.  ECF No. 8-1, Ex. 16 at 91.  The court further stated:

> A trial court assures that a plea is knowingly, voluntarily and intelligently entered during the plea colloquy as required by Crim.R. 11 . . . Here, as we have no transcript of the colloquy, we must presume that Mr. Ford entered his guilty plea knowingly, voluntarily, and intelligently and that no promise was made to Mr. Ford in regard to whether the federal authorities would acquiesce to concurrent terms.  ECF No. 8-1, Ex. 16 at 92.

The court also stated that even if Ford believed a State court could bind a federal court to a state plea agreement or use a state procedure to circumvent federal custody issues[3], "such mistaken beliefs are insufficient to allow withdrawal of his plea."  ECF No. 8-1, Ex. 16 at 92 (citations omitted).  The court concluded by saying "Petitioner did not meet his burden of demonstrating that manifest injustice has occurred.  The appellate court ruled, therefore, that the trial court did not abuse its discretion in denying the withdrawal of his guilty plea," overruling Petitioner's assignments of error.  ECF No. 8-1, Ex. 16 at 93.

---

[3] Without so explicitly stating, the appellate court did reach the issue of dual sovereignty (*i.e.*, it is a mistake to believe a state court could bind a federal court in a plea agreement and the state court made no promise that a federal court would acquiesce to a concurrent sentence), contrary to Petitioner's argument that the first time a court reached the issue of dual sovereignty was on habeas review.

4

(5:13CV00571)

### D. Motion for Reconsideration

In September 2012, Petitioner filed a motion for reconsideration (ECF No. 8-1, Ex. 17) which the appellate court denied in October 2012. ECF No. 8-1, Ex. 18.

### E. Appeal to the Supreme Court of Ohio

In November 2012, Petitioner, proceeding *pro se*, filed a timely notice of appeal with the Supreme Court of Ohio from both the appellate court's affirmance of the denial of Petitioner's motion to withdraw his guilty plea and also the denial of Petitioner's motion for reconsideration. ECF No. 8-1, Ex. 19. In Petitioner's memorandum in support of jurisdiction, he asserts the following preposition of law:

> 1. Plea bargains are contractual in nature and subject to Contract-Law standards, *State v. Dye* (Supreme Court of Ohio), 127 Ohio St.3d 357. ECF No. 8-1, Ex. 20.

The Supreme Court of Ohio declined jurisdiction over Petitioner's appeal.

### F. Federal Habeas Petition

Petitioner, proceeding *pro se*, timely filed the present federal habeas petition in March 2013, raising the following ground for relief:

> GROUND ONE: BREACHED PLEA AGREEMENT
>
> Supporting facts: Petitioner's guilty plea was induced by a promise that his State Sentence would be served concurrent to his Federal Sentence. However, despite the promise, Petitioner's sentences are being served consecutively . . . Filed April 27th, 2011 in Summit Count Court of Common Pleas, "WRITTEN PLEA OF GUILTY", pg.#3, section PLEA NEGOTIATIONS/AGREEMENT substantiates the terms of the plea agreement in its entirety . . . The State do [sic] not dispute the terms of the plea agreement. ECF No. 1 at 5.

The State filed a return of writ arguing that the petition should be denied because the state court's ruling was neither contrary to nor an unreasonable application of clearly established federal law

5

(5:13CV00571)

as determined by the Supreme Court of the United States.  ECF No. 8 at 2.  Petitioner filed a traverse.  ECF No. 9.  United States Magistrate Judge William H. Baughman, Jr. issued a report in accordance with 28 U.S.C. § 636(b)(1)(B), in which he recommended that the habeas petition be denied.  ECF No. 10.  Petitioner timely filed his objections.  ECF No. 11.  Petitioner continues to argue that the State breached the plea agreement and argues that dual sovereignty does not allow the State to disregard the wording and understanding of the plea agreement.  Petitioner's objections are now ripe for review.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  *Id.*

Near verbatim regurgitation of the arguments made in earlier filings are not true objections.  When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections:  to provide the district court 'with the opportunity

6

(5:13CV00571)

to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.* (citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III.  AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a petition for a writ of habeas corpus with respect to any claim that was decided on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As interpreted by the United States Supreme Court:

> [u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The *Williams* Court emphasized that a court making the "unreasonable application" inquiry may not issue the writ simply because it "concludes in its independent judgment that the relevant state-

7

(5:13CV00571)

court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal habeas court should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (internal citation omitted). Stated differently, in order to obtain federal habeas relief, a state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "This [is a] difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt . . . ." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (citation omitted; internal quotations omitted). Furthermore, pursuant to *Pinholster*, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* The petitioner carries the burden of proof. *Pinholster*, 131 S.Ct. at 1398.

## IV. Discussion

### A. Whether the State Breached the Plea Agreement

In his sole ground for relief, Petitioner argues that the State breached his plea agreement because his sentences were running consecutively instead of concurrently. This, Petitioner continues to argue in his objections. Both the State and Petitioner agree that the state court ordered Petitioner's state sentence to run concurrent to his yet-to-be-imposed federal sentence.

8

(5:13CV00571)

The State and Petitioner disagree, however, about whether the State's plea agreement bound the federal court to mandate that its sentence imposed on Petitioner would run concurrent to his state sentence.  The State contends that it did not breach the plea agreement.  The Supreme Court has held that a defendant may be prosecuted and sentenced by state and federal governments if his conduct violates the law of each sovereign, thus "[t]hat either or both may (if they see fit) punish such an offender, cannot be doubted."  United States v. Wheeler, 435 U.S. 313, 317 (1978) (superseded by statute on other grounds as stated in United States v. Lara, 541 U.S. 193 (2004)) (citing Bartkus v. Illinois, 359 U.S. 121 (1959); Abbate v. United States, 359 U.S. 187 (1959)).  Independent sentences by different sovereigns, therefore, comport with clearly established law.

Petitioner does not dispute the above-mentioned clearly established law.  He does, however, argue in his traverse that throughout the plea negotiations and the plea agreement, "the Trial Court ultimately agreed to circumvent the Federal Courts' authority."  ECF No. 9 at 6.  A trial court, however, is not a party to a plea agreement.  *See* I.N.S. v. St. Cyr, 533 U.S. 289, 321 (2001) (stating that plea agreements involve a *quid pro quo* between a criminal defendant and the government) (citations omitted); *see also* United States v. Fouse, 250 F. App'x 704, 708 (6th Cir. 2007) (stating that the court was not bound by the plea agreement between the defendant and the prosecuting attorney).  The plea agreement clearly stated that Petitioner "understand[s] that the Prosecutor's recommendation does not have to be followed by the Court."  ECF No. 8-1, Ex. 3 at 10.  To the extent Petitioner argues that the trial court breached the plea agreement, those claims fail.

Nonetheless, the trial court adopted the recommendations of the plea agreement and sentenced Petitioner to a term of 2 ½ years, with his state sentence to run concurrent to his

9

(5:13CV00571)

federal sentence.  Petitioner argues that the concurrent nature of his sentences never became operative.  The State contends that it did become operative because the state court ordered concurrent sentences.  Because of dual sovereignty, a State "'cannot bind federal prosecutors without the latter's knowledge and consent.'" *Hendrix v. Norris*, 81 F.3d 805, 807 (8th Cir. 1996) (quoting *United States v. Fuzer*, 18 F.3d 517, 520 (7th Cir. 1994).  In *Hendrix*, the district court granted the petitioner habeas relief because "Hendrix had entered his [State] guilty plea in reliance on the plea agreement that his state and federal sentences would run concurrently, and that the plea agreement had been effectively breached by the consecutive running of the sentences."  *Hendrix*, 81 F.3d at 807.  The federal sentencing court, however, did not specify whether petitioner's sentence would run consecutively or concurrently with the state sentence, resulting in the presumption that the sentences were to run consecutively.  *Id.* at 808.  Reversing the district court, the circuit court held that the State had "scrupulously honored the plea bargain" by requesting that petitioner's state and federal sentences run concurrently, and the state court so ordered.  *Id.* at 807.  "That federal prosecutors did not make a similar request in federal court does not mean that the state breached its plea agreement."  *Id.*  The circuit court concluded that the petitioner should be challenging the federal court's sentence, not that of the state court.  *Id.* at 808.

Similarly, in the matter before the Court, it cannot be said that the State breached its plea bargain because the state court ordered the sentences to run concurrently.  The State is not responsible for what a federal court does.  It is the independent and sovereign decision of the federal court that has resulted in Petitioner's sentences running consecutively.  Unlike the federal sentencing court in *Hendrix*, the federal sentencing court in Petitioner's case explicitly stated that

10

(5:13CV00571)

Petitioner's sentences were to run consecutively, apparently not wishing to acquiesce to the state court's order for the sentences to run concurrently.

Petitioner cannot successfully argue that the court agreed to circumvent the authority of the federal court, as that would be contrary to clearly established law.  See *Wheeler*, 435 U.S. at 320 (stating the long-established principle that a state and the federal government are sovereign entities, each entitled to determine and punish the contours of criminal offenses against its authority); *see also*  *Tinsley v. United States*, 107 F.3d 871 at *3 (6th Cir. 1997) (stating that a defendant who has violated both federal and state criminal statutes has no constitutional right to determine the order of his sentences"); *United States v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987) (holding that "it is within the district court's power to order that a federal sentence not begin until the completion of a state sentence").  Not only is Petitioner's supposition, therefore, impossible, but the very portion of the transcript[4] upon which Petitioner relies for his arguments only supports the state court's clear understanding that it could not infringe upon a federal court's sentencing authority.

Petitioner argues that the magistrate judge misinterpreted statements in the transcript, but the transcript is clear.  During the plea and sentencing hearing, in response to questions about whether Petitioner's sentences would be concurrent, the state judge stated "I suppose I can order

---

[4] Neither the state appellate court nor the state trial court had a copy of the transcript of Petitioner's sentencing/plea hearing when considering Petitioner's motion and appeal, but they still broached the topic of dual sovereignty, ruling in favor of the state. In this current habeas petition, the state filed the full transcript of the Plea and Sentencing Hearing.  ECF No. 8-1, Ex. 26.

(5:13CV00571)

it to be run concurrently but it's up to the federal courts as to – it's sort of beyond my control. You may have to deal with that in federal court, not here." ECF No. 8-1, Ex. 26 at 144.

The state court judge understood that Petitioner hoped he would start serving his federal sentence (yet to be imposed for violating his parole) because of the chance that his federal sentence would be longer than his concurrent state sentence, thereby subsuming his state sentence. ECF No 8-1, Ex. 26 at 145. The state prosecutor stated that Petitioner likely faced somewhere between 4 ½ to 5 years in federal prison for violating his federal parole and acknowledged that "when [Petitioner]'s picked up by the feds, whatever state time that he's received here, the two and a half years, would run concurrent to that." ECF No. 8-1, Ex. 26 at 146. After this exchange, the judge reiterated "I can't control what some federal court does. I can just put my order here in. I only have jurisdiction over you in the state court case. Do you understand?", to which the Defendant responded "Yes." ECF No. 8-1, Ex. 26 at 147. Defendant then proceeded to plead guilty in open court. ECF No. 8-1, Ex. 26 at 147-163.

Contrary to Petitioner's assertions, nowhere in the plea agreement or in the transcript was there an agreement between Petitioner's attorney and the court to remedy any adverse effects presented by dual sovereignty. Defendant's attorney did mention, and the trial court recognized, that she may file "something down the line" in an attempt to prevent Petitioner from serving his sentences consecutively if the federal court so ordered. ECF No. 8-1, Ex. 26 at 145. As a further example of the clarity of the transcript, at the end of the hearing the trial court judge reiterated "I don't have the authority to sentence [Petitioner] to anywhere other than the state penitentiary. But I will order it to run concurrently . . . with any federal sentence." ECF No. 8-1, Ex. 26 at 167. Petitioner's attorney proceeded to explain to Petitioner that the state court judge's

12

(5:13CV00571)

sentencing jurisdiction and orders were limited to state court, to which defendant responded "okay."  ECF No. 8-1, Ex. 26 at 168.  No evidence exists to indicate the court agreed to find a remedy for Petitioner in the event the federal court imposed a consecutive rather than concurrent sentence.

**B.  Whether the State Fulfilled Its Part of the Plea Agreement**

Petitioner contends that the words of the plea agreement do not reflect the true nature of the plea negotiations.  Petitioner cites *United States v. Bishop*, 306 F. App'x 934 (6th Cir. 2009) for the well-taken proposition that "[t]he determinative factor in interpreting a plea agreement is not the parties' actual understanding of the terms of the agreement; instead, an agreement must be construed as a reasonable person would interpret its words."  *Id.* at 938.  Given the terms of the agreement and the discussion during the hearing as laid out above from the transcript, a reasonable person would agree that the State met its obligations under the plea agreement.  It recommended to the state judge that Petitioner's state sentence run concurrent to his federal sentence.  There are no ambiguities in the plea agreement or the transcript, in which the state judge clearly and repeatedly stated his inability to order Petitioner's federal sentence to run concurrent to his state sentence.

In his objections, Petitioner argues that there existed "a ploy to grant [Petitioner] judicial release to force the federal authorities to take [him] into custody."  ECF No. 11 at 3.  As further support, Petitioner presents a letter written by his attorney that would support the existence of an agreement between the judge, the prosecutor, and his attorney.  ECF No. 11 at 19.  Although the Court finds the existence of such a ploy questionable, even assuming, *arguendo*, that such a ploy existed, Petitioner has not shown that the state court judge's discretion not to execute a ploy not

13

(5:13CV00571)

included in his plea agreement somehow resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.

The heart of Petitioner's dissatisfaction is the federal court's failure to order that its sentence run concurrent with the state court's sentence. This is an issue for Petitioner to take up with the federal court that sentenced him.  This dissatisfaction does not equate to an unfulfilled promise by the State.  In some situations, circuit courts have found that a defendant was misinformed about the dual sovereignty implications of a guilty plea.  *See* Finch v. Vaughn, 67 F.3d 909 (11th Cir. 1995) (finding that petitioner's plea was involuntary because his state and federal sentences were not running concurrently despite repeated assertions from the state, the trial court, and his attorney that his concurrent state and federal sentences meant he would in fact serve both at the same time); *see also* Brown v. Kentucky Parole Bd., 490 F. App'x. 693 (6th Cir. 2012) (finding that Petitioner's constitutional rights were violated because his attorney did not explain the dual sovereignty implications of his plea guilty plea).  In the matter before the Court, Petitioner was well aware of the potential dual sovereignty obstacles he would face despite the plea agreement, as demonstrated in the transcript excerpts cited above.[5]  Petitioner presents no

---

[5] In fact, Petitioner claims that he previously had a very similar criminal case in which the state court ordered a sentence to run concurrently, but in his later-imposed federal sentence, the federal judge ordered the federal sentence to run consecutive to the state sentence.  According to Petitioner and his attorney, the state court judge maneuvered to make Petitioner's state sentence the later-imposed sentence so that Petitioner could in fact serve the time concurrently.  The Court expresses no opinion regarding the state court's discretion to alter how and when Petitioner would be sentenced, but the Court notes that even taking the story offered by Petitioner and his attorney as true, the state court in that scenario did not do anything to "circumvent the federal courts' authority under the principle of dual sovereignty." ECF No. 11 at 6.  To Petitioner's misfortune, but to no constitutional injustice, the state court did not use its discretion to the liking of

(continued...)

(5:13CV00571)

violation of clearly established law. See *Montoya v Johnson,* 226 F.3d 399 (5th Cir. 2000) (holding that no breach of the plea agreement existed where the State fully complied with its promise in the agreement to recommend the state sentence to run concurrently and the defendant was advised that the state court had no authority to bind the federal court).

### V. Conclusion

For the reasons above, the Court denies Petitioner's petition and adopts the magistrate judge's Report and Recommendation. ECF No. 10. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 January 30, 2015                            /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge

---

[5](...continued)
Petitioner this time around.